AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

**United States of America**

**v.**

**NICHOLAS M. LASPESA**

*Defendant*

Case No. 25-mj- 5103

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

From on or about August 24, 2024, to on or about January 17, 2025, in the Western District of New York, and elsewhere, the defendant, NICHOLAS M. LASPESA, did:

(1) knowingly distribute child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and

(2) knowingly possess any material that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and that were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer;

all in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Eric Daigler, Task Force Officer, FBI
*Printed name and title*

Sworn to before me and signed telephonically.

Date:  April 17, 2025

_____
*Judge's signature*

City and State:  Buffalo, New York

HON. MICHAEL J. ROEMER, USMJ
*Printed name and title*

1

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Eric Daigler, being duly sworn, depose and say:

1.      I am a Task Force Officer of the Federal Bureau of Investigation and have been on the Child Exploitation Task Force (CETF) since September 2023. I have been employed as a police officer with the New York State Police (NYSP) since April 2003. As a member of the CETF, I work on cases associated with the Violent Crimes Against Children program, which targets individuals involved in the online sexual exploitation of children. I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2251, 2252 and 2252A. I have also participated in various FBI mandated and volunteer training for the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography.

2.      I make this affidavit in support of a criminal complaint charging **NICHOLAS M. LASPESA** ("LASPESA") having a date of birth of August 1996, with a violation of Title 18, United States Code, Sections 2252A(a)(2)(A) [distribution of child pornography] and 2252A(a)(5)(B) [possession of child pornography].

3.      The statements contained in this affidavit are based on my involvement in this investigation, as well as information provided to me by other law enforcement officers involved in this investigation, the review of documents and records related to this case, and upon my training and experience. Unless specifically indicated otherwise, all conversations

2

and statements described in this affidavit are related in sum and substance and in part only. Because this affidavit is being submitted for the limited purpose of seeking a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that LASPESA violated Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

4.    On October 17, 2024, Facebook reported to the National Center for Missing and Exploited Children (NCMEC) that a video of child pornography was uploaded to their server on August 24, 2024, at 05:53:52 UTC by a user with the account name "Si Mae". In addition to providing the name, email address (smee[]@gmail.com), and date of birth of the Facebook user associated with the upload of child pornography, Facebook also provided the upload IP address as 2603:7081:74f0:6c40:6cfa:69f9:77a2:5879 and included the video file in what was sent to NCMEC. NCMEC generated CyberTipline Report 200850163 (hereinafter "Tip 3" or "Report #200850163"), which noted that one video file was loaded in Facebook Messenger by Si Mae and sent to another recipient, and that the file was a match for apparent child pornography. The Report further noted that the video was not physically reviewed by Facebook or NCMEC, and instead, the video had a hash value that matched a previously documented video of child pornography. The report further categorized the video as "B1" which is defined as a file of a Pubescent Minor "depicting sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal whether between person of the same or opposite sex) ...." The Report also documents that NCMEC conducted a geolocation based on the IP address provided voluntarily by Facebook, which resolved to Cheektowaga, NY, and then sent the CyberTip to the New York ICAC on October 24, 2024. The NYSP is a

3

member of the New York ICAC and assists in reviewing CyberTipline reports from NCMEC.

5.      On October 27, 2024, NYSP Investigator David Cross, who works with the New York ICAC and is located in Albany, New York, reviewed CyberTipline Report #200850163 and viewed the video that NCMEC had uploaded. Based on Investigator Cross' determination that the video file depicted child pornography, the Department of Homeland Security, in coordination with the New York ICAC, issued a summons to Charter communications for the user of IP address 2603:7081:74f0:6c40:6cfa:69f9:77a2:5879 at the time the child pornographic video was uploaded to Facebook. On November 6, 2024, Charter responded to the subpoena and reported the aforementioned IP address was assigned to "Nicholas Laspesa" at an address in Cheektowaga, New York.

6.      Investigator Cross additionally requested the Department of Homeland Security issue a summons to Google for subscriber information relating to the email address (smee[]@gmail.com) reported by Facebook in the CyberTipline Report. On November 17, 2024, Google responded to the subpoena and reported that recent Google account logins utilized IP address 2603:7081:74f0:6c40:6cfa:69f9:77a2:5879.

7.      On December 20, 2024, Investigator Cross documented the NYSP ICAC file with the results from the subpoenas and noted that two prior NCMEC CyberTipline Reports relating to LASPESA were located during his investigation. Those prior CyberTipline Reports are summarized below:

CyberTip #1

    a. On April 28, 2020, Omegle.com (a free online chat platform that randomly paired users with strangers for anonymous text or video chats, which is no

4

longer in service) reported to NCMEC that a series of screen shots from a webcam video was reviewed by a moderator and determined to contain child pornography. Omegle indicated the incident associated with the images occurred on April 28, 2020, at 19:01:34 UTC. NCMEC generated Cybertipline Report 71194053 (hereafter "Tip 1"). Omegle.com provided the following image details to NCMEC: 3ff74a933dcc216a30cbaf3eba1dec1cd46b9933 – The image depicts four screenshots presented as a single image. The image shows an adult male who appears to be lying on a bed and whose face is not visible. The male's penis is exposed, and he appears to be masturbating. Next to the male, a child who appears to be roughly 2 years of age, is seated on the bed.

b. Omegle.com provided an IP address of 74.67.0.214. A subpoena response from Spectrum showed the IP address was registered to "Nicholas Lastesa" at 70 Livingston St., Lower, Buffalo, NY 14213, with a particular phone number and email address. Further investigation by the NYSP showed LASPESA had the 70 Livingston St., address listed on his New York State driver's license.

c. On September 12, 2020, NYSP Investigator James Len responded to 70 Livingston St., Buffalo and interviewed LASPESA and his girlfriend (hereinafter "Witness 1"). LASPESA admitted the phone number and email address attached the Spectrum account related to the IP Address for Tip 1 were previously his number and email address. LASPESA further stated he has used the Omegle application before but denied ever masturbating while on the application. LASPESA further stated he had access to a 2-year-old female (hereafter "Victim 1") but denied masturbating in front of her. Witness 1 was also interviewed and indicated she did not believe LASPESA would have masturbated in front Victim 1 and offered no concerns for Victim 1's safety. The NYSP case was closed shortly thereafter.

CyberTip #2

d. On January 5, 2023, Facebook reported to NCMEC that child pornography was uploaded to their server on January 2, 2023, at 07:12:42 UTC. Facebook reported the name on the account associated with the upload of child pornography was "Nick Laspesa", with a specific phone number, email address, and date of birth. NCMEC generated CyberTipline Report 149322581 (hereafter "Tip 2"). A single video file was contained within the Tip 2 and described as follows: The video file is 40 seconds in length and depicts an adult male with his penis inserted into the vagina of a child who appears to be 7-9 years of age.

e. Tip 2 was forwarded to NYSP ICAC) where it was closed before being forwarded for further investigation as there were concerns it contained

5

elements of a compromised account.

8.    After documenting the NYSP ICAC file, Investigator Cross referred the investigation of Tip 3 to NYSP Troop A located in the Western District of New York. On December 23, 2024, your affiant was assigned the investigation of Tip 3 and reviewed the contents of the CyberTipline Report and the full ICAC case file. Your affiant viewed the video that was uploaded by Facebook with Tip 3, which can be described as follows: The video is one minute in length and depicts an adult male attempting to and partially inserting his penis into the vagina of a child who is approximately 3 years of age.

9.    On January 2, 2025, your affiant contacted Investigator Cross concerning Tip 2 not being forwarded by ICAC for further investigation. Investigator Cross reviewed the CyberTipline Report related to Tip 2 and determined that there was not concerning activity associated with compromised accounts and that the tip should have been forwarded for further investigation. Investigator Cross noted that compromised Facebook accounts typically have password changes in and around the date and time of the reported child pornography incidents. Investigator Cross noted Tip 2 simply showed activity relating to a phone number and device being added roughly five months prior to the upload of child pornography, leading him to believe that Tip 2 was a legitimate tip and should have been investigated further at the time it was initially received by ICAC.

10.    Your affiant further reviewed the image from Tip 1 and compared the child in the image to social media photographs of LASPESA, Witness 1, and Victim 1. Your affiant determined the image provided by Omegle.com likely portrayed Victim 1, who is a minor

6

child that LASPESA has access to.

11.     On January 13, 2025, Erie County Supreme Court Justice Debra Givens signed a search warrant for the residence of LASPESA located in Cheektowaga, New York. On January 17, 2025, members of the NYSP executed the search warrant at LASPESA's residence. While at the residence, your affiant interviewed LASPESA within an unmarked police vehicle in the driveway of the residence. LASPESA stated he has opened several Facebook accounts and recalled using the name "Si Mae" on a Facebook account, and further acknowledged having previously used the email address smee[]@gmail.com. LASPESA stated there was a cell phone on the basement floor (Samsung) with a broken screen that was his, along with a second cell phone (Moto G Stylus) that was located in his bedroom which LASPESA later stated he tried to hide when the NYSP arrived at the residence.

12.     Early in my interview with LASPESA, he indicated that Tip 1 was generated when Victim 1 walked in on him masturbating. LASPESA also denied having any images of child pornography on his current device located in his bedroom. LASPESA was shown the videos associated with Tip 2 and Tip 3 and denied being familiar with them. Later in the interview, your affiant stated, "Nick can we be honest, you have some recollection of the two videos I showed you", too which LASPESA responded "yeah". LASPESA went on to indicate he received images on the dark web, and he used torrent software to get images of child pornography. LASPESA then acknowledged trying to hide his cell phone in his closet when the NYSP arrived at this residence. When asked where images of child pornography would be, LASPESA stated he had a hidden folder in the images application on the phone that was located in the closet of his bedroom.

13.    Your affiant then interviewed Witness 1 within the residence and showed her the image provided by Omegle associated with Tip 1. Witness 1 stated the image depicted a female minor that LASPESA has had access to. Witness 1 further noted the image was taken on LASPESA's bed at his prior residence in the City of Buffalo, NY. Witness 1 further commented that Victim 1 was under 2 years of age at the time of Tip 1 from Omegle and that Victim 1 could not have gotten onto the bed without LASPESA's assistance.

14.    Also, within the residence, your affiant met with NYSP Computer Crimes Investigator Jessica Snellings. Investigator Snellings advised that she was completing a cursory search of LASPESA's cell phone located in his bedroom closet (Moto G Stylus) and had located numerous images of child pornography on the phone. This cell phone was manufactured outside of New York State. Two of the images are described below:

| FILE NAME | DESCRIPTION |
|---|---|
| File 1 (complete file name not yet available) | The image depicts a prepubescent female child lying on her back with her vagina exposed.   The child's full body is not visible, but her body structure is consistent with a 4–6-year-old child.   An adult female is all visible and is spreading the child's vagina. |
| File 2 (complete file name not yet available) | The image depicts an adult male with his penis inserted into the anus of a prepubescent child who appears to be between 4 and 6 years old. |

15.    Your affiant then returned to interviewing LASPESA in the unmarked police vehicle. LASPESA acknowledged he was the male party in the images from Tip 1. LASPESA was told images of child pornography were located on his phone from his bedroom closet and indicated there would be similar images on the phone located on the basement floor of the residence. Your affiant further advised LASPESA a small amount of what

8

appeared to be cocaine was in two areas of the residence, which he claimed ownership of.

16.     Based upon the foregoing, I respectfully submit that I have probable cause to believe that NICHOLAS M. LASPESA has violated Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

_____
ERIC DAIGLER, Task Force Officer
Federal Bureau of Investigation

Sworn and subscribed telephonically
this 17th day of April 2025.

_____
HON. MICHAEL J. ROEMER
United States Magistrate Judge

9